# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 591 | **DATE** | April 27, 2004 |
| **CASE TITLE** | Porter v. Allstate Insurance Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's application to proceed in forma pauperis is granted. Plaintiff's motion for appointment of counsel is denied without prejudice. Count I of the complaint is dismissed without prejudice. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| X | Notices MAILED by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 28 2004 | |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | | 6 |
| | Copy to _____ | U.S. DISTRICT COURT | docketing deputy initials | |
| KAM | courtroom deputy's initials | | date mailed notice | |
| | | 2004 APR 27 PM 4:14 | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

VIRGIE PORTER,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )    No. 04 C 591
                                        )
ALLSTATE INSURANCE COMPANY,             )                    **DOCKETED**
                                        )
            Defendant.                  )                    **APR 2 8 2004**

**MEMORANDUM OPINION**

Plaintiff Virgie Porter, proceeding pro se, has filed a complaint against Allstate Insurance Company ("Allstate"). Plaintiff petitions for leave to file in forma pauperis and requests appointment of counsel. For the reasons explained below, the application to proceed in forma pauperis is granted, and the motion for appointment of counsel is denied.

**I.   In Forma Pauperis**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the courts. See Neitzke v. Williams, 490 U.S. 319, 324 (1989). However, to prevent abuse of the broad access permitted by the statute, § 1915(e) provides that "the court shall dismiss the case" if it finds that the allegation of poverty is untrue or if it determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks

damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). As for the "failure to state a claim" factor, we will apply the familiar Rule 12(b)(6) criterion that dismissal is in order if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Because Porter is proceeding pro se, we have a special responsibility to construe her complaint liberally. See Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996).

Porter states in her financial affidavit that she is unemployed and has no source of income except unspecified loans from family and friends. She also states that she does not have more than $200 in cash or in bank accounts. Given this information, it appears that Porter is unable to pay the necessary filing fees.

The Civil Cover Sheet filed with Porter's complaint indicates that this is a federal question suit, but plaintiff does not cite the federal statute under which she is filing this action. The complaint contains two counts against Allstate in relation to plaintiff's property insurance. Count I states "Discriminated by sex. Male customer with same similar [sic] property, pol. coverage was treated better than me. Believe to have been treated badly + worse than that of male customer." (Complaint at 3.) This count fails to state a claim because plaintiff does not specify exactly how she was allegedly "treated badly" by Allstate. If it is in

relation to the insurance rates she was charged, that is covered by Count II, which alleges "price goughing [sic]. I, female customer, was retaliated against, because I am female comparing male customer." (Complaint at 3.) Construing the complaint liberally, Count II states a claim for violation of the Fair Housing Act, which prohibits discrimination "in the provision of services or facilities in connection" with the sale or rental of housing and activities that "make unavailable or deny" housing "because of . . . sex." 42 U.S.C. § 3604(a), (b).[1]

Because it appears that plaintiff cannot pay the required filing fees and because the complaint states a claim in Count II, we grant plaintiff's application to proceed in forma pauperis. Count I, however, is dismissed for failure to state a claim because plaintiff does not specify the exact allegedly discriminatory actions of the defendant. If plaintiff wishes, we will consider granting her leave to file an amended complaint to cure the defects in Count I, but only after the defendant has been served and counsel has entered an appearance on behalf of defendant.

---

[1] 42 U.S.C. § 3613 provides a private right of action for alleged discriminatory housing practices in violation of § 3604. The regulations interpreting § 3604 provide that "[i]t shall be unlawful, because of . . . sex . . . to engage in any conduct relating to the provision of housing or of services and facilities in connection therewith that otherwise makes unavailable or denies dwellings to persons. . . . [P]rohibited activities include . . . refusing to provide . . . property or hazard insurance for dwellings or providing such services or insurance differently because of . . . sex . . . ." 24 C.F.R. § 100.70(b), (d)(4). Courts have construed the anti-discrimination sections of the Fair Housing Act to apply to the provision of homeowners insurance. See, e.g., National Fair Housing Alliance, Inc. v. Prudential Ins. Co. of Am., 208 F. Supp. 2d 46, 56-57 (D.D.C. July 9, 2002).

## II. **Appointment of Counsel**

Civil litigants have no constitutional or statutory right to be represented by counsel in federal court. See McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982). District courts may, in their discretion, appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In evaluating a litigant's request for counsel, there is a threshold requirement that the indigent make a reasonable effort to secure counsel before presenting a request for appointment. Jackson v. County of McLean, 953 F.2d 1070, 1072 (7th Cir. 1992).[2] The Seventh Circuit has phrased the issue in terms of a single question: Given the difficulty of the case, does the plaintiff appear competent to try the case himself, and if not, would appointment of counsel make any difference to the outcome? See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

At this stage of the proceedings, when defendant has not yet had an opportunity to respond to the complaint, we cannot say that the appointment of counsel at this time would aid plaintiff's cause. Plaintiff's motion for appointment of counsel is therefore denied without prejudice to reconsideration should it become apparent that the assistance of an attorney is necessary.

---

[2] In her motion for appointment of counsel, plaintiff indicates that she has made reasonable attempts to secure counsel before bringing the motion.

## CONCLUSION

For the reasons stated above, plaintiff's application to proceed in forma pauperis is granted.   Plaintiff's motion for appointment of counsel is denied without prejudice.

Count I of the complaint is dismissed without prejudice.

DATE:            April 27, 2004

ENTER:

John F. Grady, United States District Judge