**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VIRGIE PORTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 591 |
| ) | |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Before the court is the motion of defendant Allstate Insurance Company for summary judgment. For the following reasons, the motion is granted.

**BACKGROUND**

Plaintiff Virgie Porter, proceeding pro se, alleges that defendant Allstate Insurance Company ("Allstate") discriminated against her, based on her gender, in the provision of homeowners' insurance. The complaint does not cite the federal statute under which Porter is bringing this action. In our previous memorandum opinion granting Porter's motion to proceed in forma pauperis, we held that the complaint states a claim for violation of Title VIII of the Fair Housing Act, which prohibits gender discrimination, inter alia, "in the provision of services or facilities in connection" with the sale or rental of housing as well as activities that "make unavailable or deny" housing. 42 U.S.C. §

3604(a), (b).  As Allstate concedes, the Seventh Circuit has interpreted § 3604 as applying to discriminatory denials of insurance and discriminatory pricing, see <u>NAACP v. American Family Mut. Ins. Co.</u>, 978 F.2d 287, 301 (7th Cir. 1992).

Plaintiff bases her claim on the fact that her insurance premiums were higher than those of a male Allstate policyholder, Abb Locke.[1]  She seeks $5 million.  Allstate now moves for summary judgment.

**DISCUSSION**

A.   **Summary Judgment Standards**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party.  See <u>Pitasi v. Gartner Group, Inc.</u>, 184 F.3d 709, 714 (7th Cir. 1999).  "Summary

---

[1] Plaintiff originally brought her claim in two counts, one alleging that Allstate treated her badly and one alleging price gouging.  We dismissed the former count because plaintiff did not specify exactly how she was "treated badly" other than discriminatory pricing.  Plaintiff has since filed a document entitled "Plaintiff's Amendment Request to Amend Count I, Charge of Discrimination to This Case."  Allstate treated that request as alleging an additional count and answered those allegations as well as those in the original complaint.  We believe that the "additional count" is simply duplicative of what is alleged in the complaint; there are merely more facts included.  Nonetheless, we will treat the complaint as alleging two counts of gender discrimination.

judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Talanda v. KFC Nat'l Mgmt. Co., 140 F.3d 1090, 1095 (7th Cir. 1998) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." McGrath v. Gillis, 44 F.3d 567, 569 (7th Cir. 1995).

Once the moving party has supported its motion for summary judgment, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Any fact asserted in the movant's affidavit will be accepted by the court as true unless the adverse party submits its own affidavits or other evidence contradicting the assertion. See Curtis v. Bembenek, 48 F.3d 281, 287 (7th Cir. 1995). If the adverse party does not respond with evidence complying with Rule 56, "summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e).

A pro se plaintiff is entitled to have her pleadings construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Such plaintiffs are also entitled to a certain amount of latitude with

respect to the technical rigors of summary judgment. See <u>Kincaid v. Vail</u>, 969 F.2d 594, 598 (7th Cir. 1992). However, where a <u>pro se</u> plaintiff has not pointed to anything beyond conclusory statements in the pleadings which would indicate the existence of a triable issue of fact, she has failed to meet her burden under Rule 56. See <u>Timms v. Frank</u>, 953 F.2d 281, 285 (7th Cir. 1992) (holding that all <u>pro se</u> litigants are entitled to notice of the requirements of Rule 56 because failure to point to evidence beyond the complaint will result in summary judgment being entered against them).

Here, along with its motion for summary judgment, Allstate served plaintiff with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment," pursuant to Local Rule 56.2, that informed plaintiff of the requirements of Rule 56.

**B.  Housing Discrimination**

The elements of a discrimination claim under the Fair Housing Act closely follow the elements of employment discrimination. See <u>Kormoczy v. Secretary, U.S. Dep't of Housing and Urban Dev. ex rel. Briggs</u>, 53 F.3d 821, 823 (7th Cir. 1995). Thus, plaintiff may choose one of two distinct evidentiary paths to prove that Allstate had a discriminatory intent: (1) directly, through direct or circumstantial evidence; or (2) indirectly, through the inferential burden-shifting method known as the <u>McDonnell Douglas</u> test. See <u>id.</u> at 823-24; <u>Village of Bellwood v. Dwivedi</u>, 895 F.2d 1521, 1531

(7th Cir. 1990). Because plaintiff offers no direct or circumstantial evidence of gender discrimination, we proceed to the second method of proof.

Under the McDonnell Douglas approach, a plaintiff first has the burden of proving a prima facie case of discrimination. See Brummett v. Sinclair Broad. Group, Inc., 414 F.3d 686, 692 (7th Cir. 2005). For purposes of this motion, we will assume that plaintiff has done so, although it is highly doubtful.[2] (The only evidence plaintiff submits is her affidavit, in which she states in relevant part merely that her homeowners' insurance premium in 2002 was $1,027.00, while Mr. Locke's was $558.00, and that Mr. Locke had greater coverage.) If a prima facie case is established, the burden of proof shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions. If the defendant does so, the plaintiff must then show that the defendant's proffered reasons are a pretext for discrimination. See id.

Allstate submits the affidavit of M. Charles Parsons, a Senior Actuary at Allstate, who explains how Allstate used certain actuarial "rating factors" in setting insurance premiums for plaintiff and Mr. Locke. Mr. Parsons states as follows. In November 1998, plaintiff first obtained homeowners' insurance through Allstate for her home at 9128 S. Dobson Avenue in Chicago,

---

[2]/ Allstate implies in its brief that it also assumes, for purposes of the motion, that plaintiff has established a prima facie case; Allstate's evidence goes to the reasons for the price differential.

ZIP Code 60619. In March 2001, Mr. Locke first obtained homeowners' insurance through Allstate for his home at 9304 S. Laflin Street in Chicago, ZIP Code 60620.

In September 2002, Allstate informed plaintiff that her annual premium would increase from $651.00 to $1,302.00 effective November 2002, the beginning of the policy year. This premium was for $204,391.00 in coverage with a $500.00 deductible. To reduce the premium, plaintiff reduced the coverage to $156,870.00 and informed Allstate about an electrical renovation to her home. Plaintiff's premium then was reduced to $1,027.00. Mr. Locke's annual premium for his policy year beginning in March 2002 was $558.00 for $160,004.00 of coverage with a $500.00 deductible.

Mr. Parsons states that plaintiff's premium was higher than that of Mr. Locke for a number of reasons. First, the policies were written through different companies with different rating criteria. Plaintiff's policy was written through Allstate Insurance Company, and Mr. Locke's policy was written through Allstate Indemnity Company. Plaintiff's and Mr. Locke's houses were in different ZIP Codes, which placed them in different territories for rating purposes. Mr. Locke received a ten percent "Age 55 & Retired" discount to which plaintiff was not entitled. There were two rate increases that affected plaintiff's premium but not Mr. Locke's because of the different anniversary dates of their policies. Finally, and most significantly, their claims history

was different.  Mr. Locke made no claims during the relevant period and received a fifteen percent claim-free discount.  Plaintiff, on the other hand, submitted a claim in July 2002, which rendered the base rate of her premium subject to a fifty percent surcharge.  Mr. Parsons also states that gender played no role in the determination of plaintiff's or Mr. Locke's insurance premiums.

Attached to Mr. Parsons's affidavit are detailed explanations of the rate calculations for plaintiff's and Mr. Locke's premiums for the relevant policy year.  Attached to those calculations are portions of the applicable rules and rating criteria as set forth in Allstate's Homeowners Manual.

Plaintiff's response to Allstate's motion falls far short of showing that there is a genuine issue for trial.  Plaintiff voices her disagreement with much of Allstate's brief and repeatedly argues that Allstate's statements of material fact are false.  However, plaintiff fails to cite any evidence indicating that the reasons Allstate proffers for the price difference--actuarial, risk-based factors--are pretextual.  Instead, plaintiff merely responds with conclusory denials and her personal opinions regarding Allstate's rating criteria, such as the statement "I don't think that one claim would have caused Plaintiff['s] ins[urance] to increase by 50%."  (Plaintiff's Reply in Opposition at 5.)  Plaintiff also sets forth a jumbled mass of irrelevant allegations regarding Allstate's purported wrongs against Mr. Locke

(which plaintiff has no standing to raise) and includes unnecessary, inflammatory language comparing Allstate's actions to slavery.

Plaintiff has failed to demonstrate that Allstate's reliance on actuarial factors was a pretext for gender discrimination in the pricing of homeowners' insurance. Accordingly, Allstate's motion for summary judgment will be granted.

## **CONCLUSION**

Defendant Allstate Insurance Company's motion for summary judgment is granted.

DATE:     August 25, 2005

ENTER:    _____
          John F. Grady, United States District Judge